# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MARTIN, | CASE NO. 1:06-cv-00906-AWI-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| W. J. SULLIVAN, et al., | |
| Defendants. | (Doc. 18) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff Russell Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Plaintiff's Complaint

Plaintiff is a prisoner currently incarcerated at the Salinas Valley State Prison. However, the events at issue in Plaintiff's complaint appear to have taken place at the California Correctional Institute in Tehachapi, California.[1] Plaintiff alleges that defendants violated the Cruel and Unusual Punishments Clause of the Eighth Amendment of the United States Constitution through unnecessary and wanton infliction of pain and placing Plaintiff in unsafe conditions of confinement. Plaintiff names Warden W. J. Sullivan, Correctional Officer Lieutenant Bryant and five unknown "Does" (Does 1-5) as defendants. Plaintiff seeks monetary damages.[2]

On November 14, 2005, Plaintiff made a request to a female sergeant to be separated from his cell mate because they were not getting along. Plaintiff never heard back from the sergeant. Plaintiff informed the third watch officers about the situation. Plaintiff was placed in a holding cage and eventually taken to Sergeant Alipaz at the program office. Plaintiff explained to Sergeant Alipaz that Plaintiff suffered from "real bad gas" and that it would be best to either have his own cell or to

---

[1] Plaintiff's complaint does not state which institution the events giving rise to the complaint occurred in, but does state that the events took place in Kern County, California. The prison where he is currently incarcerated, Salinas Valley State Prison, is located in Soledad, California in Monterey County. Plaintiff does name W. J. Sullivan, the warden of the California Correctional Institution in Tehachapi, California (Kern County), as a defendant indicating that the events took place at Tehachapi.

[2] Plaintiff's first request under "Prayers For Relief" is "1. Injunction Relief". (Compl. 8). However, Plaintiff does not specify what sort of injunctive relief he is seeking. As such, the Court will treat Plaintiff's complaint as seeking only monetary damages.

share a cell with another inmate that would consent to the situation. Plaintiff alleges that Sergeant Alipaz was angered by the request and ordered that Plaintiff's property be confiscated because he refused to go back to his cell with his cell mate. Plaintiff's TV was confiscated and he was placed in a cell by himself without any of the allowable property that had been issued to Plaintiff before.

Plaintiff alleges that the black inmates in the housing unit that he was placed in agreed to block their cell door windows in protest to get the attention of a captain or associate warden. Under the orders of Lieutenant Bryant, officers began putting on riot gear and ordering the inmates to remove the window coverings. Sergeant E. Givan and Officer Papillion came to Plaintiff's cell door and Plaintiff agreed to remove the window covering in exchange for a meeting with the captain the following day.

Ten minutes later Lieutenant Bryant ordered Plaintiff to cuff up to see the watch commander. Plaintiff was taken to a holding cage and ordered to remove his clothing in front of 10 to 15 correctional officers and medical staff, both male and female. Plaintiff refused and Lieutenant Bryant ordered officers to remove Plaintiff from the cage and remove his clothing. Plaintiff was examined by a female medical staff member. Officers removed the linens from Plaintiff's cell and Plaintiff was placed back in the cell with a pair of paper underwear. Plaintiff was forced to sleep on a steel bunk without any clothing, blankets, or mattress. Plaintiff was also deprived of his blood pressure medication for the three days that he was placed in the cell. Plaintiff was eventually given the opportunity to explain his situation to the watch commander who responded only by advising Plaintiff to obey the correctional officers in the future.

### B. Eighth Amendment Claims

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of

3

pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted); see also Wilson v. Seiter, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Osolinkski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995); Anderson v. County of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995).

### i. Unnecessary and Wanton Infliction of Pain Claim

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff alleges that he was forced to strip naked in front of female officers and was examined by a female medical staff member while naked. Cross-gender searches can amount to the unnecessary and wanton infliction of pain constituting cruel and unusual punishment forbidden by the Eighth Amendment. See Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (finding clothed cross-gender body search violated the Eighth Amendment). Therefore, Plaintiff's allegation of

unnecessary and wanton infliction of pain states a cognizable claim for the violation of the Eighth Amendment.

### ii. Failure to Protect Claim

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff alleges that "he and his cellmate wasn't [sic] getting along and needed to be separated." (Compl. 2). Plaintiff's complaint does not state a cognizable claim for failure to protect because Plaintiff has failed to allege both the objective and subjective elements of an Eighth Amendment violation. Plaintiff has not properly alleged the objective element because he has not alleged that by ordering Plaintiff back to his cell with his cell mate defendants disregarded an "excessive risk" to his safety. Plaintiff's complaint does not indicate what the risk would have been if he was sent back to his cell with his cell mate. Further, Plaintiff has failed to allege the subjective element because he has not alleged that defendants acted with a "sufficiently culpable state of mind" (deliberate indifference) to state a cognizable claim under § 1983. Plaintiff will be given the opportunity to file an amended complaint. If Plaintiff seeks to pursue a claim for failure to protect in his amended complaint, he must provide facts that show why placing Plaintiff back in his cell with his cell mate would have been an excessive risk to his safety. Plaintiff must also show that defendants were aware of this excessive risk and nonetheless acted with "deliberate indifference" in sending Plaintiff back to his cell.

### iii. Conditions of Confinement Claim

Plaintiff's complaint alleges that the conditions of his confinement in the holding cell constituted a violation of the Eighth Amendment. Plaintiff alleges that he was placed in a very dusty

5

cell with only a pair of paper boxers and forced to sleep on a steel bed without a mattress or blanket. Plaintiff was not given a towel, soap or toilet paper. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995). The Eighth Amendment also requires prisons to provide adequate sanitation. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ("'(A)n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" (quoting Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981))). Further, "[t]he denial of adequate clothing can inflict pain under the Eighth Amendment." Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994) (citing Hoptowit, 682 F.2d at 1246). Therefore, Plaintiff's allegations of deprivation of adequate sanitation, personal hygiene items and clothing states a cognizable claim for an Eighth Amendment violation.

### iv. Denial of Medical Treatment Claim

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff's complaint does not state a cognizable claim for denial of medical treatment. Plaintiff has not alleged that the three day deprivation of his blood pressure medication was a 'serious' medical need that could have resulted in significant injury or the "unnecessary and wanton infliction of pain". Further, Plaintiff has not alleged that defendants were aware of Plaintiff's 'serious' medical need as required to show that defendants acted with the requisite "deliberate indifference". Plaintiff will given an opportunity to file an amended complaint. If Plaintiff seeks

to allege a cognizable claim for denial of medical treatment in his amended complaint, his amended complaint must allege additional facts suggesting that the denial of medical treatment placed Plaintiff at risk of significant injury or pain, and that defendants were aware of this risk and nonetheless acted with deliberate indifference in depriving Plaintiff of his blood pressure medication.

### C. Claims Against Defendant W. J. Sullivan

Plaintiff names W. J. Sullivan, the warden of Tehachapi State Prison, as a defendant in his complaint. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff has not alleged any facts that support his contention that Defendant W. J. Sullivan participated in the violations, knew of the violations and failed to prevent them, or implemented a deficient policy. Therefore, Plaintiff has failed to state any valid claims against Defendant W. J. Sullivan.

### III. **Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Bryant and Does 1-5 for unnecessary and wanton infliction of pain and unconstitutional conditions of confinement in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment, but fails to state a claim for failure to protect. Plaintiff's complaint fails to state any claims against Defendant W. J. Sullivan. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summonses and one (1) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even if claims were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Bryant and Does 1-5 for violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   January 12, 2009**                              /s/  **William M. Wunderlich**
                                                        UNITED STATES MAGISTRATE JUDGE