1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  RUSSELL MARTIN,                           CASE NO. 1:06-cv-00906-SKO PC

10               Plaintiff,                  ORDER GRANTING MOTION

11       v.                                  (Doc. #43)

12  W.J. SULLIVAN, et al.,

13               Defendants.
                                        /
14

15       Plaintiff Russell Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 16, 2010, Defendant

17  Bryant filed a motion for summary judgment.  (Doc. #43.)  Plaintiff filed an opposition on May 17,

18  2010.  (Doc.#44.)  Defendant has not filed a reply.  Plaintiff and Defendant have consented to

19  jurisdiction by U.S. Magistrate Judge.  (Docs. #13, 39.)

20       For the reasons set forth below, the Court will dismiss Plaintiff's Eighth Amendment claim

21  based on the alleged strip search and provide Plaintiff with an opportunity to file an amended

22  complaint which cures the deficiencies identified in this order.

23  **I.**    **Background**

24       **A.**    **Plaintiff's Claims**

25       This action proceeds on Plaintiff's August 27, 2007, first amended complaint.  (Doc. #18.)

26  Plaintiff alleges that his rights under the Eighth Amendment were violated when he was strip

27  searched and then placed in a cell wearing only a pair of paper boxers and forced to sleep on a steel

28  bunk.

1   On November 14, 2005, Plaintiff informed prison officials that he was not getting along with

2   his cellmate and needed to be moved.  Plaintiff informed prison officials that he could not live with

3   his cellmate because Plaintiff suffers from "real bad gas" and Plaintiff refused to return to his cell.

4   Prison officials then confiscated Plaintiff's television and placed Plaintiff in a cell by himself without

5   his "SHU allowable property."  Plaintiff spoke with Defendant Bryant about the situation, but Bryant

6   ignored Plaintiff's complaints.

7   Plaintiff alleges that the black inmates in the building then coordinated a protest by blocking

8   their cell door windows to gain the attention of a captain or associate warden.  Bryant ordered

9   correctional officers to put on riot gear and ordered the inmates to remove the window coverings.

10   Two officers then spoke with Plaintiff and agreed to talk to a captain the next day about Plaintiff's

11   property if Plaintiff removed the window covering.  Ten minutes later, Bryant ordered Plaintiff to

12   cuff up because a watch commander wanted to speak with him.  Plaintiff was then placed in

13   restraints and taken to a holding cage in the dayroom.  Bryant then ordered Plaintiff to strip in front

14   of 10 to 15 male and female correctional officers.  Plaintiff refused to remove his clothing in front

15   of female officers and medical staff.  Bryant then ordered the officers to remove Plaintiff from the

16   holding cage and strip him naked.  Plaintiff was stripped naked and examined by a female medical

17   technical assistant.

18   Plaintiff alleges that officers then removed all the linens from Plaintiff's cell and placed him

19   back in his cell with only one pair of paper underwear.  Plaintiff was forced to sleep on a steel bunk

20   or floor with no clothing, mattress, sheets, or blanket.  Plaintiff also alleges that he did not have

21   access to a towel, soap, or toilet paper.  Plaintiff claims that the cell "was so dirty Plaintiff could

22   literally pick dust up off the floor with his hands."  (Am. Compl. 5, ECF No. 18.)  Plaintiff was left

23   in the cell in these conditions for three days.  Plaintiff claims that he later received pain medication

24   for his back and neck because he was forced to sleep on a steel bunk.

25   The Court screened Plaintiff's first amended complaint on January 13, 2009.  (Doc. #20.)

26   The Court found that Plaintiff stated cognizable claims against Defendant Bryant for forcing Plaintiff

27   ///

28   ///

1   to strip naked in front of female officers and for housing Plaintiff in unsanitary conditions of

2   confinement.[1]  The Court dismissed all other claims raised in Plaintiff's first amended complaint.

3              **B.**    **Defendant's Motion for Summary Judgment**

4        In his motion for summary judgment, Defendant Bryant argues that he is entitled to partial

5   summary judgment because an unclothed search of a male inmate by female medical personnel does

6   not violate the Eighth Amendment.[2]  Defendant also argues that he is entitled to qualified immunity

7   because the search did not violate clearly established law. Defendant argues that "Plaintiff has failed

8   to allege facts which support the inference that he suffered any 'pain' as a result of the search."

9   (Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. 4:7-8, ECF No. 43.)  Defendant also argues

10   that "Plaintiff has failed to allege facts which support the inference that the infliction of pain was

11   wanton."  (Mem. of P. & A. 4:19-20, ECF No. 43.)

12   **II.**    **Discussion**

13              **A.**    **Sufficiency of Plaintiff's Allegations**

14        The Court first notes that the arguments raised in Defendant's motion for summary judgment

15   challenge the sufficiency of Plaintiff's <u>allegations</u>.  Defendant does not challenge the sufficiency of

16   Plaintiff's <u>evidence</u>.  Defendant argues that he is entitled to judgment because "Plaintiff has failed

17   to allege facts which support the inference that he suffered any 'pain' as a result of the search" and

18   "Plaintiff has failed to allege facts which support the inference that the infliction of pain was

19   wanton."  (Mem. of P. & A. 4:7-8, 19-20, ECF No. 43.)  Defendant is essentially arguing that

20   Plaintiff's allegations are insufficient to support a cause of action and Plaintiff's claim should

21   therefore be dismissed for failure to state a claim.  Defendant's motion is more appropriately

22   construed as a motion for judgment on the pleadings under Rule 12(c), not a motion for summary

23   judgment under Rule 56.  This distinction is significant because if Plaintiff's <u>allegations</u> are

24   insufficient, he should generally be afforded an opportunity to cure the deficiencies in his complaint

---

[1] The Court found that Plaintiff's complaint also stated claims against 5 "Doe" defendants.  However, Plaintiff never amended his complaint to identify these "Doe" defendants and these defendants have not been served or otherwise made an appearance in this action.  Therefore, these claims are not a part of this action.

[2] Defendant's motion for summary judgment does not address Plaintiff's claims regarding the unsanitary conditions of his cell.

through leave to amend.  See discussion infra Part II.C.  If Plaintiff's evidence is insufficient, the deficiency is not curable through leave to amend.

"[A] judgment on the pleadings [under Rule 12(c)] is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law."  Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993).  Although the Court issued a screening order concluding that Plaintiff's first amended complaint stated a cognizable claim based on the strip search incident, the prior screening order does not prejudice Defendant's right to challenge the sufficiency of Plaintiff's factual allegations.  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("a defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a sua sponte screening providing that the prisoner has stated a claim . . . the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.").

**1.     Ninth Circuit Precedent on the Constitutionality of Cross-Gender Searches in the Institutional Setting**

To determine the sufficiency of Plaintiff's allegations, the Court looks to the legal standards applied in cross-gender search cases in the institutional setting.  Two Ninth Circuit cases have concluded that cross-gender searches may be unconstitutional.  In Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993), the Ninth Circuit held that a prison policy requiring male guards to conduct random, non-emergency, suspicion-less clothed body searches of female prisoners was cruel and unusual under the Eighth Amendment.  Id. at 1522-23.  In Jordan, male guards conducted clothed body searches of female prisoners that involved physically intrusive tactile searches of the crotch and breast area.  Id. at 1523.  The Court found that the searches were cruel and unusual because several inmates had long histories of sexual abuse by men.  In one case, a female inmate suffered severe distress during a search: prison officials had to pry her fingers loose from the bars she had grabbed during the search and she vomited after returning to her cell block.  Id.  The Court declined to analyze the claims under the Fourth Amendment because the policy was prohibited under the Eighth Amendment.  However, the court did note that "prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited."  Id. at 1524.

4

More recently in <u>Byrd v. Maricopa County Sheriff's Dept.</u>, No. 07-16640, 2011 WL 13920 (9th Cir. Jan. 5, 2011), the Ninth Circuit held that a strip search of a male pretrial detainee by a female cadet was unreasonable in violation of the Fourth Amendment. The Ninth Circuit began its analysis by "recogni[zing] that '[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity.'" <u>Byrd</u>, 2011 WL 13920, at *5 (quoting <u>York v. Story</u>, 324 F.2d 450, 455 (9th Cir. 1963). In <u>Byrd</u>, a female cadet conducted a cross-gender strip search that involved:

> touch[ing the inmate's] inner and outer thighs, buttocks, and genital area with her latex-gloved hand through very thin boxer shorts. She moved his penis and scrotum in the process of conducting the search. The scope of this intrusion totally thwarted any desire on [the inmate's] part to 'shield [his] unclothed figure from [the] view of strangers . . . of the opposite sex . . .

<u>Byrd</u>, 2011 WL 13920, at *6 (quoting <u>York</u>, 324 F.2d at 455.

The finding of unreasonableness in <u>Byrd</u> contrasts with the conclusions reached in <u>Grummett v. Rushen</u>, 779 F.2d 491 (9th Cir. 1985), and <u>Michenfelder v. Sumner</u>, 860 F.2d 328 (9th Cir. 1988). In <u>Grummett</u>, the Ninth Circuit found that prison policies that allowed female correctional officers to view male inmates in states of partial or total nudity while dressing, showering, being strip searched, or using toilet facilities did not violate the Fourth or Fourteenth Amendment. <u>Grummett</u>, 779 F.2d at 494-96. In <u>Michenfelder</u>, the Ninth Circuit upheld a strip search policy that called for visual body cavity searches when an inmate left or returned to a unit and when an inmate traveled under escort within the unit, including leaving and returning from sick call, recreation, disciplinary hearings, and visits. <u>Michenfelder</u>, 860 F.2d at 332. The Ninth Circuit upheld the policy despite the plaintiff's argument that the searches were conducted in the view of female correctional officers and visitors. <u>Id.</u> at 333-334. The court cited the interest in providing equal employment opportunities to women and the security interest in deploying available staff effectively as valid penological interests. <u>Id.</u> at 334.

In <u>Byrd</u>, the Ninth Circuit distinguished <u>Grummett</u> by noting that the female officers in <u>Grummett</u> were not assigned to positions in which they conducted or observed strip or body cavity searches and they did not have intimate contact with the inmates' bodies. <u>Byrd</u>, 2011 WL 13920,

1    at *6.   The Ninth Circuit distinguished <u>Michenfelder</u> by noting that "'infrequent and casual

2    observation, or observation at [a] distance, . . . are not so degrading as to warrant court

3    interference.'"  <u>Byrd</u>, 2011 WL 13920, at *6 (quoting <u>Michenfelder</u>, 860 F.2d at 334).  The Ninth

4    Circuit stated that "<u>Michenfelder</u> offers no support for a cross-gender strip search" and "[n]one of

5    the . . . cases . . . purports to approve cross-gender strip searches in the absence of an emergency."

6    <u>Byrd</u>, 2011 WL 13920, at *6-7.  The Ninth Circuit noted that the "litany of cases over the last thirty

7    years has a recurring theme: cross-gender strip searches in the absence of an emergency violate an

8    inmate's right under the Fourth Amendment to be free from unreasonable searches."  <u>Byrd</u>, 2011 WL

9    13920, at *10.

10                        **2.    <u>Legal Standards Applied to Plaintiff's Claim</u>**

11            Although <u>Byrd</u> suggests that cross-gender strip searches in non-emergency settings violate

12    an inmate's Fourth Amendment right to be free from unreasonable searches, Plaintiff has not raised

13    any Fourth Amendment claims in his complaint.  Plaintiff's complaint is devoid of any reference to

14    the Fourth Amendment and only challenges Defendant's actions under the Eighth Amendment.

15    Since Plaintiff only raises a claim under the Eighth Amendment, his allegations are tested under the

16    legal standards applicable to Eighth Amendment claims, not the Fourth Amendment standards

17    discussed in <u>Byrd</u>.

18            The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

19    "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"

20    <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976) (quoting <u>Jackson v. Bishop</u>, 404 F.2d 571, 579 (8th Cir.

21    1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1)

22    the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective

23    requirement that the prison official has a "sufficiently culpable state of mind."  <u>Farmer v. Brennan</u>,

24    511 U.S. 825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).

25            The objective requirement that the deprivation be "sufficiently serious" is met where the

26    prison official's act or omission results in the denial of "the minimal civilized measure of life's

27    necessities."   <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).  The subjective

28    "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate

6

1   indifference" to inmate health or safety. <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 302-303). A prison official

2   acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate

3   health or safety." <u>Id.</u> at 837. "[T]he official must both be aware of facts from which the inference

4   could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

5   <u>Id.</u>

6           Taking the Eighth Amendment legal standards and the analysis in <u>Jordan</u> together, the Court

7   finds that to support a cognizable Eighth Amendment claim based on a cross-gender strip search, a

8   plaintiff must allege a risk of harm beyond the general embarrassment caused by the search.  In

9   <u>Jordan</u>, the only decision in this circuit that has recognized a cognizable Eighth Amendment claim

10  based on a cross-gender search, the Ninth Circuit noted that:

11              [i]n most of our other search cases, the court has not been presented
               with evidence pointing to more than momentary discomfort caused
12             by the search procedures.  For example, in <u>Grummett v. Rushen</u>, 779
               F.2d 491 (9th Cir. 1985), this court considered the constitutionality
13             of pat searches performed by female guards on male prisoners.  We
               concluded that the inmates had not shown sufficient evidence of pain
14             to make out a cognizable Eighth Amendment claim.  Nothing in
               <u>Grummett</u> indicates that the men had particular vulnerabilities that
15             would cause the cross-gendered clothed body searches to exacerbate
               symptoms of pre-existing mental conditions.  Indeed, in contrast to
16             this case, nothing in <u>Grummett</u> indicates that the male prisoners had
               experienced or would be likely to experience any psychological
17             trauma as a result of the searches.

18  <u>Jordan</u>, 986 F.2d at 1526 (citing <u>Grummett v. Rushen</u>, 779 F.2d 491, 493 n.1 (9th Cir. 1985)

19  (internal citations omitted)).  In <u>Jordan</u>, the Court found that the objective prong had been met

20  because the plaintiffs suffered pain beyond "momentary discomfort."  The record suggested "that

21  women experience unwanted intimate touching by men differently from men subject to comparable

22  touching by women" due to "differences in gender socialization" and "differences in the experiences

23  of men and women with regard to sexuality."  <u>Id.</u>

24          Here, Plaintiff has not alleged any facts that suggest that he was particularly vulnerable to

25  the strip search.  Therefore, the allegations here are more akin to the facts in <u>Michenfelder</u> and

26  <u>Grummet</u> that were not sufficient to support any cognizable claims.  Plaintiff's complaint does not

27  set forth allegations that support the conclusion that Plaintiff was in substantial risk of serious harm

28  because of the strip search.  Plaintiff has not provided much detail regarding the extent of the harm

or injury he suffered, other than his conclusory allegation that he suffered "permanent psychological, and emotional distress" and "injury, and humiliation" when he was stripped naked in front of female prison officials.  (Am. Compl. 8, ECF No. 18.)

Even if Plaintiff's conclusory allegations that he suffered "permanent psychological, and emotional distress" were sufficient to satisfy the objective Eighth Amendment prong at the pleading stage, the Court finds that Plaintiff's allegations do not satisfy the subjective "deliberate indifference" standard for Eighth Amendment claims.  In order to meet this standard, Plaintiff must allege facts that show that Defendant was "deliberately indifferent to [Plaintiff's] suffering." Jordan, 986 F.2d at 1528 (citing Wilson v. Seiter, 501 U.S. 294, 302-303).  In Jordan, the standard was met because prison officials admitted "that the [search] policy was not required for security purposes," and was "adopted . . . without a great deal of knowledge about the impact of the searches upon the inmates." Jordan, 986 F.2d at 1528.  Further, after the policy was implemented, a prison supervisor "was urged by members of his own staff not to institute cross-gender clothed body searches due to the psychological trauma which many inmates would likely suffer" and "a court order was necessary to prevent the searches although one of the first inmates to be searched suffered a severe reaction." Id. at 1528-29.

Here, in contrast, Plaintiff has not alleged any facts to suggest that Defendant Bryant was aware of any facts or previous incidents that would have put him on notice that Plaintiff was in substantial risk of serious emotional or mental trauma if he was strip searched.  Therefore, there are no allegations to support the inference that Defendant Bryant was deliberately indifferent toward any harm that the strip search would likely cause.  Thus, Plaintiff's allegations are not sufficient to support a claim against Defendant Bryant based on the strip search.

**B.    Qualified Immunity**

Defendant also argues that he is entitled to dismissal because he is entitled to qualified immunity.  Defendant contends that he is entitled to qualified immunity because a male inmate's right to be free from strip searches in the presence of female prison officials was not clearly established at the time of Defendant's conduct.  Since the Court has concluded that Plaintiff's

///

1  allegations are insufficient to state a claim, the Court has no occasion to address whether the right

2  at issue was clearly established.

3        **C.**    **<u>Leave to Amend</u>**

4        Pro se litigants are generally entitled to an opportunity to remedy the deficiencies in their

5  pleadings unless it is absolutely clear that the deficiencies could not possibly be cured by the

6  allegation of other facts.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing

7  longstanding rule that leave to amend should be granted even if no request to amend was made

8  unless the court determines that the pleading could not possibly be cured by the allegation of other

9  facts); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld

10  where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave

11  to amend); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave

12  to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could

13  not be cured by amendment).

14        The Court finds that Plaintiff's claims could be cured by the allegation of additional facts

15  suggesting the existence of a substantial risk of harm to Plaintiff and facts demonstrating Defendant

16  Bryant's awareness of a substantial risk of harm to Plaintiff.  Plaintiff may also amend his complaint

17  to raise a cause of action under the Fourth Amendment based on the unreasonableness of the strip

18  search.  Accordingly, the Court will provide Plaintiff with an opportunity to amend his complaint.

19        If Plaintiff wishes to amend to cure the deficiencies in his strip search claim, he must file a

20  motion requesting leave to amend along with a proposed amended complaint within thirty (30) days

21  of the date of service of this order.  Plaintiff's motion must specifically identify the additional facts

22  or legal theories plead in his amended complaint and explain how those facts or theories cure the

23  deficiencies identified in this order.  If Defendant believes that leave to amend should be denied on

24  any ground, such as futility, <u>see</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), Defendant may file an

25  opposition to Plaintiff's motion in accordance with the motion schedule set forth in Local Rule

26  230(l).

27        Further, if Plaintiff elects to file an amended complaint, he is advised that an amended

28  complaint supercedes all prior complaints.  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir.

1  1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be

2  "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  Plaintiff

3  is warned that "[a]ll causes of action alleged in [a prior] complaint which are not alleged in an

4  amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644

5  F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.  In other words, even the claims

6  that were properly stated in the first amended complaint must be completely stated again in the

7  amended complaint.

8  **III.   <u>Conclusion and Order</u>**

9         The Court finds that Defendant Bryant's motion for summary judgment should be construed

10 as a motion for judgment on the pleadings because Defendant is challenging the sufficiency of the

11 allegations in Plaintiff's complaint, not the sufficiency of Plaintiff's evidence.  The Court finds that

12 the allegations in Plaintiff's first amended complaint are not sufficient to support a claim under

13 Section 1983 for a violation of Plaintiff's Eighth Amendment rights based on the alleged strip search

14 that took place in the presence of female prison officials.  The Court finds that the deficiencies in

15 Plaintiff's complaint may be curable by the allegation of additional facts.

16        Based on the foregoing, it is HEREBY ORDERED that:

17    1.    Defendant's motion is GRANTED;

18    2.    Plaintiff's Eighth Amendment claim based on the alleged strip search that took place

19          in the presence of female prison officials is DISMISSED for failure to state a claim;

20          and

21    3.    If Plaintiff wishes to amend his complaint to cure the deficiencies in his claim,

22          Plaintiff must file a motion requesting leave to amend along with a proposed

23          amended complaint within thirty (30) days of the date of service of this order.

24

25 IT IS SO ORDERED.

26 **Dated:    February 23, 2011**                    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

27

28