# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MARTIN, | CASE NO. 1:06-cv-00906-SMS PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 51) |
| v. | |
| BRYANT, et al., | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS (ECF No. 52) |
| Defendants. | |

/

## I.  Screening Requirement

Plaintiff Russell Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 24, 2011, an order issued granting Defendant's motion for summary judgment and ordering Plaintiff to file a motion to amend and an amended complaint. (ECF No. 45.) Currently pending before the Court is Plaintiff's second amended complaint and motion to amend. (ECF Nos. 51, 52.) The Court shall grant Plaintiff's motion to file an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard

under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. The incidents alleged in the complaint occurred while Plaintiff was housed at the California Correctional Institute, Tehachapi. Plaintiff brings this action against Defendants Bryant, Wright, Alipaz, and five unidentified correctional officers ("Does") for violations of the First, Fourth, and Eighth Amendments.[1] (Second Amended Compl. 2, ECF No. 51.) Plaintiff is seeking compensatory and punitive damages. (Id. at 10.)

On November 14, 2005, Plaintiff informed prison officials that he was not getting along with

---

[1] Although Plaintiff names Defendants Wright and Alipaz as Defendants, the factual allegations in the complaint are devoid of any mention of them.

1  his cell mate and refused to return to his cell.  Plaintiff alleges that, in retaliation, his television was
2  confiscated and he was placed in a single cell without his "SHU allowable property."  Plaintiff spoke
3  with Defendant Bryant about the situation, who ignored Plaintiff's complaints.  (Id. at 3.)  In
4  response Plaintiff and other black inmates coordinated a protest in which they blocked their cell door
5  windows.  After officers negotiated with Plaintiff to get him to uncover the window, Defendant
6  Bryant ordered Plaintiff cuff up because a watch commander wanted to speak with him.

7  Once in a holding cell, Defendant Bryant ordered Plaintiff to strip in front of ten to fifteen
8  male and female correctional officers.  Plaintiff refused to undress in front of the officers and
9  Defendant Bryant ordered some Doe Defendants to remove Plaintiff from the holding cell and strip
10 him.  Plaintiff's clothing was removed by Doe Defendants and a female medical technician
11 examined him.  (Id.)  All the linens were then removed from Plaintiff's cell.  Plaintiff was placed
12 into a cell that was so dirty he could pick dirt up off the floor with his hands.  He had only a pair of
13 paper underwear and was forced to sleep on a steel bunk on the floor with no mattress, sheets, or
14 blanket.  Plaintiff did not have access to a towel, soap, or toilet paper.  Plaintiff was left in these
15 conditions for three days.  (Id. at 4.)

16 **III.    Discussion**

17     **A.    First Amendment**

18 Plaintiff's allegation that he was retaliated against for refusing to cell with an inmate and
19 requesting a different cell mate fails to state a cognizable claim.  While an inmate may state a claim
20 for a violation of his First Amendment rights due to retaliation under section 1983, Pratt v. Rowland,
21 65 F.3d 802, 806 (9th Cir. 1995), a viable claim of retaliation requires adverse action because of the
22 inmates protected conduct," Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord
23 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  Plaintiff does not have a protected right
24 under the First Amendment to refuse to cell with a specific inmate.  See Parra v. Hernandez, No.
25 08cv192 H(CAB), 2008 WL 5765844, *4 (S.D.Cal. Nov. 10, 2008).

26     **B.    Fourth Amendment**

27 Prisoners, despite their conviction and confinement, do not forfeit all constitutional rights.
28 Bell v. Wolfish, 441 U.S. 520, 545 (1979). Nevertheless, prisoners' constitutional rights are subject

3

to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell, 441 U.S. at 546-47. While inmates have a right to be free from unreasonable search and seizures, the reasonableness of a particular search must be considered in the prison context. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

At the pleading stage, Plaintiff's allegations are sufficient to state a cognizable claim against Defendant Bryant for ordering the cross gender strip search and Doe Defendants for stripping Plaintiff in violation of the Fourth Amendment. However, the allegations fail to state a cognizable claim against any other named defendant.

## C.     Eighth Amendment

### 1.     Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

///

**2.     Strip Search**

Plaintiff's allegations that he was subject to a cross gender strip search do not rise to the level of "wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 347. Plaintiff's conclusory allegations that the search was conducted maliciously and wantonly to inflict abuse and humiliation are insufficient to show that defendants were aware that he was at risk of any serious harm. Plaintiff, a maximum security inmate housed in the SHU, engaged in a protest by covering the windows of his cell. After he uncovered his cell window he was searched. The facts as alleged are insufficient to state a plausible claim that the purpose of the search was to cause harm. Iqbal, 129 S. Ct. at 1949.

**3.     Unsanitary Living Conditions**

Plaintiff states that "the officers" removed linens from his cell and placed him back in the cell with only his underwear. While Plaintiff alleges that conditions in the cell over the following three days violated the Eighth Amendment, the complaint fails to contain factual allegations to link any defendant to the alleged violations. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Therefore Plaintiff has failed to state a cognizable claim for the alleged unconstitutional conditions.

**D.     Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Although, for pleading purposes, the Court accepts as true the allegations in the complaint, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S. Ct. at 1965 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants.

///

## IV. Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendants Bryant and Doe for violations of the Fourth Amendment, but does not state any other claims for relief under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, following summary judgment, Plaintiff was granted the opportunity to amend the complaint, with guidance by the Court. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint, filed August 9, 2011, is GRANTED;
2. This action shall proceed on the second amended complaint, filed August 9, 2011, against Defendants Bryant and Doe[2] for violation of the Fourth Amendment;
3. Plaintiff's claims for violations of the First and Eighth Amendment are DISMISSED for failure to state a claim;
4. Defendants Wright and Alipaz are DISMISSED from this action based on Plaintiff's failure to state any claims against them; and
5. Defendant Bryant shall file an answer or other responsive pleading to the second amended complaint within thirty days.

IT IS SO ORDERED.

**Dated:   August 23, 2011                   /s/ Sandra M. Snyder**

---

[2] The inclusion of Doe Defendants under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of Defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

6

UNITED STATES MAGISTRATE JUDGE