# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MARTIN, | CASE NO. 1:06-cv-00906-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 67) |
| v. | |
| SULLIVAN, et al., | ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 73) |
| Defendants. / | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Russell Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 26, 2006. An order opening discovery issued on June 12, 2009. (ECF No. 30.) On February 24, 2011, Defendant Bryant's motion for summary judgment, which was construed as a motion for judgment on the pleadings, was granted, and Plaintiff's complaint was dismissed. (ECF No. 45.) Plaintiff was granted leave to amend and this action is proceeding on the second amended complaint, filed August 9, 2011, against Defendants Bryant and Doe for violation of the Fourth Amendment. (ECF No. 55.) An order reopening discovery issued on October 24, 2011. (ECF No. 63.) On December 20, 2011, Plaintiff filed a motion to compel. (ECF No. 67.) Defendant received an extension of time to file an opposition and, on February 25, 2012, filed a motion for summary judgment and an opposition to the motion to compel on the grounds that Plaintiff did not attempt to meet and confer[1] and that the motion is procedurally deficient.

---

[1] The discovery and scheduling order specifically states that the requirement that parties meet and confer does not apply in this action. (Discovery and Scheduling Order ¶ 5, ECF No. 63.)

1

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is unjustified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not meritorious.

Plaintiff's motion to compel states that he requested information from Defendant and Defendant made it clear that he did not know the names of Doe Defendants and was not going to comply with "disclosures No: 1, 2, 4, 6, [and] 7." (Motion to Compel 1, ECF No. 67.) While Plaintiff identifies the specific requests that he seeks further response to, he fails to address why the responses are deficient. As the moving party, Plaintiff bears the burden of informing the Court not only which discovery requests are the subject of his motion to compel but, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses. Plaintiff's motion to compel shall be denied on the ground that it procedurally is deficient.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, filed December 20, 2011, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendant's motion for summary judgment; and

///
///
///

3.  The failure to respond to Defendant's motion in compliance with this order will result in dismissal of this action, with prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated: **March 12, 2012**            /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE